LAWRENCE FRANKO v. GEORGE D. BRONSON, WARDEN
(7409)

WILLIE THOMPSON v. GEORGE D. BRONSON, WARDEN
(6657)

DUPONT, C. J., BORDEN, SPALLONE, DALY, O'CONNELL, STOUGHTON, NORCOTT and FOTI, Js.

Considered June 1—decision released September 12, 1989

*Michael J. Isko,* in support of the motion.

*James L. Radda,* in support of the motion.

BORDEN, J. The petitioners in these habeas corpus cases, Lawrence Franko and Willie Thompson, are both incarcerated. Their motions seek our review of the decisions of the presiding judge of the habeas court denying their appellate counsels' motions to withdraw. In passing on these motions, we are faced with the issue of whether the procedures set out in *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493

(1967), and Practice Book §§ 952 through 956, apply in the context of appeals from habeas corpus judgments.

The petitioner Franko is serving a twenty year sentence for sexual assault, and the petitioner Thompson is serving a thirty year sentence for robbery, burglary and as a persistent felony offender. Both Franko and Thompson filed writs of habeas corpus alleging ineffective assistance of trial counsel.

In Franko's case, the writ of habeas corpus was denied by the trial court, *Barry, J.* Thereafter, Franko, by his public defender, filed a petition for certification to appeal the denial to this court pursuant to General Statutes § 52-470 (b).[1] On August 30, 1988, Judge Barry granted the petition for certification to appeal, along with an appointment of counsel and a waiver of fees. The public defender representing Franko filed a timely appeal on his behalf, but thereafter moved in this court to withdraw as appellate counsel on the basis of an *Anders* brief. In keeping with our procedure when such motions are filed in criminal cases under Practice Book § 4035,[2] we referred the motion and *Anders* brief

---

[1] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

[2] Practice Book § 4035 provides in pertinent part: "The supreme court, on its own motion, may refer an application to withdraw appearance filed pursuant to Sec. 952 to the trial court for purposes of rendering a decision thereon. The decision of the trial court may be reviewed by the supreme court pursuant to Sec. 4053. . . ."

Practice Book §§ 952 through 956 provide:

"Sec. 952. —— ——REQUEST BY INITIAL COUNSEL TO WITHDRAW

"When the defendant is represented at trial by the public defender or when he has counsel appointed for him to prosecute his appeal under the provisions of Sec. 950 and such public defender or counsel, after a conscien-

to Judge Mack, the presiding judge of the habeas court, On October 25, 1988, Judge Mack denied the motion to withdraw. On November 18, 1988, the public defender moved for an articulation of Judge Mack's ruling. Finally, on February 14, 1989, the public defender filed, in this court, under Practice Book §§ 4053 and 4054,[3] an untimely motion for review of Judge Mack's articulation. It is that untimely motion for review that we now address.

tious examination of the case, finds that such an appeal would be wholly frivolous, he shall advise the presiding judge and request permission to withdraw from the case.

"Sec. 953. —— ——SUBMISSION OF BRIEF

"At the time such request is made, counsel shall submit to the presiding judge a brief which refers to anything in the record that might arguably support the appeal. A copy of such brief shall be provided to the defendant, and the defendant shall be further allowed a reasonable time to raise, in writing, additional points in support of his appeal.

"Sec. 954. —— ——FINDING THAT APPEAL IS FRIVOLOUS

"The presiding judge shall fully examine the briefs of counsel and of the defendant, and shall review the transcript of the trial. If, after such examination, the presiding judge concludes that the defendant's appeal is wholly frivolous, he may grant counsel's motion to withdraw and refuse to appoint new counsel. Before refusing to appoint new counsel, the presiding judge shall make a finding that the appeal is wholly frivolous and shall file a memorandum, setting forth the basis for his finding.

"Sec. 955. —— ——FINDING THAT APPEAL IS NOT FRIVOLOUS

"If after a full examination pursuant to Sec. 954 the presiding judge concludes that the defendant's appeal is not wholly frivolous, he may allow counsel to withdraw and appoint new counsel to represent the defendant, or he may order counsel of record to proceed with the appeal.

"Sec. 956. —— ——DISQUALIFICATION OF PRESIDING JUDGE

"If the presiding judge was also the trial judge, he shall refer the matter to the chief judge for assignment to another judicial authority."

[3] Practice Book §§ 4053 and 4054 provide: "Sec. 4053. ——IN GENERAL

"The supreme court may, on written motion for review stating the grounds for the relief sought, modify or vacate any order made by the trial court under Sec. 4040 (a) or any action by the chief clerk of the supreme court under Sec. 4040 (c) (2) or any order relating to the perfecting of the record for presentation to the supreme court or the procedure of prosecuting or defending against the appeal, or any order made by the trial court concerning a stay of execution on appeal. All petitions for review of bail shall be filed in the appellate court. A motion to review an order concerning a stay of execution must be filed within five days from the issuance

In Thompson's case, the writ of habeas corpus was denied by the court, *Kline, J.,* on August 21, 1985. Thompson's untimely petition for certification to appeal was granted by Judge Kline on October 3, 1985.[4] After filing an appeal on the petitioner's behalf, the public defender subsequently moved to withdraw on the basis of an *Anders* brief. Just as in the *Franko* case, Judge Mack denied the public defender's motion to withdraw, and an untimely motion for review of that denial was filed in this court.

As previously noted, both motions for review were untimely because neither was filed within ten days of the decision on the motion to withdraw, as required by

of notice of the order. Other motions for review shall be filed within ten days from the issuance of notice of the order sought to be reviewed. Motions for review of the clerk's taxation of costs under judgments of the supreme court shall be governed by Sec. 4119.

"If a motion for review of a decision concerning a stay depends on a transcript of evidence or proceedings taken by a court reporter, the moving party shall file with the motion either a transcript or a copy of the court reporter's written acknowledgment of the transcript order. The opposing party may, within one week after the transcript or the copy of the written acknowledgment of the transcript order is filed by the moving party, file either a transcript of additional evidence or a copy of the court reporter's written acknowledgment of the transcript order.

"Sec. 4054. ——REVIEW OF MOTION FOR RECTIFICATION OF APPEAL OR ARTICULATION

"Any party aggrieved by the action of the trial judge as regards rectification of the appeal or articulation under Sec. 4051 may make a written motion for review to the supreme court, to be filed with the chief clerk of the supreme court, and the supreme court may, upon such a motion, direct any action it deems proper. If the motion depends upon a transcript of evidence or proceedings taken by a court reporter, the procedure set forth in Sec. 4053 shall be followed. Corrections which the supreme court makes or orders made pursuant hereto shall be included in the printed record or a supplemental record in the same way in which, under Sec. 4051, corrections made by the trial judge are included."

[4] The petition for certification to appeal was granted on October 3, 1985, by Judge Kline. The appeal was not filed, however, until December 24, 1987. We do not know the reason for the two year delay. The record reflects, however, that the petitioner's appeal rights were reinstated by Judge Mack on December 4, 1987.

Practice Book § 4053. Ordinarily, we would dismiss both motions for their untimeliness and would refuse to consider the merits of either. Because we consider the issue likely to recur, however, we choose in this rare instance to depart from our usual policy and grant review for reasons of judicial economy.

Each motion essentially seeks our review of the presiding judge's denial of appellate counsel's motion to withdraw. Before we address the merits of these motions, we must decide whether the procedure set out in *Anders* v. *California,* supra, and codified in Practice Book §§ 952 through 956; see footnote 2, supra; applies in the context of appeals from habeas corpus judgments.

Although *Anders* was a habeas corpus action, the opinion in that case focuses only upon "the extent of the duty of court-appointed appellate counsel to prosecute a *first* appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal." (Emphasis added.) *Anders* v. *California,* supra, 739. Practice Book §§ 952 through 956 implement the *Anders* principle. The *Anders* decision is based upon constitutional requirements guaranteed by the sixth amendment in criminal cases. There is, however, no equivalent constitutional right to counsel in habeas corpus cases. *Pennsylvania* v. *Finley,* 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987).

Although the *Anders* procedure is not, therefore, constitutionally required in habeas corpus appeals, we look beyond this constitutional limitation to the existence of General Statutes § 51-296, which creates a statutory right to counsel in certain habeas corpus actions. That section mandates that counsel be appointed for an indigent defendant "[i]n any criminal action, *in any habeas corpus proceeding arising from a criminal matter,* in

any extradition proceeding, or in any delinquency matter . . . ." (Emphasis added.) We conclude, moreover, that General Statutes § 51-296 applies as well to appeals from such habeas corpus proceedings, because no such appeal may be taken unless an appropriate judicial authority has certified pursuant to General Statutes § 52-470 (b) "that a question is involved in the decision which ought to be reviewed by the court having jurisdiction . . . ."

Because the legislature has created a right to counsel in habeas corpus cases under § 51-296, and in appeals therefrom, we conclude that the right to appeal in habeas corpus actions should be extended the same protections as those set out in the *Anders* decision. We, therefore, follow the procedure set out in Practice Book § 4035 and §§ 952 through 956; see footnote 2, supra; by referring motions to withdraw based on *Anders* briefs to the presiding judge of the trial court in those habeas corpus matters specified in General Statutes § 51-296.

Although we have the authority, pursuant to Practice Book §§ 4035 and 4053, to review the habeas court's decision, we consider that the habeas court is in the best position to make the *Anders* determination in the first instance. If, upon the filing of the *Anders* brief and upon his own independent review of the transcript, record and any brief filed by the defendant, the presiding judge determines that an appealable issue does exist, he shall follow the mandate of Practice Book § 955 by either allowing counsel to withdraw and appointing new counsel to represent the defendant, or by ordering counsel of record to proceed. If the presiding judge determines that no appealable issue properly exists in the case, then the matter should be referred to the judge who granted the petition for certification to appeal, for a determination of whether certification was improvidently granted in the first instance. If that

judge determines that certification to appeal was improvidently granted, he should vacate his previous certification and notify the clerk of this court. Upon such notification, the appeal will be dismissed for lack of subject matter jurisdiction. If that judge nonetheless determines that certification was proper, then he shall follow the mandate of Practice Book § 955 by either allowing counsel to withdraw and appointing new counsel to represent the defendant, or by ordering counsel of record to proceed.

We are aware that the certification requirement of General Statutes § 52-470 (b); see footnote 1, supra; frequently places the judge who tried the habeas corpus case in the uncomfortable position of reviewing his own decision to determine whether an appealable issue exists. While we can understand a judge's reluctance to deny a petitioner's request to appeal under those circumstances, we note that such a denial of a petition for certification of appeal does not leave the petitioner without further recourse. If the petition for certification to appeal is denied, the petitioner may bring a writ of error in the Supreme Court under General Statutes § 52-273 and Practice Book § 4143, provided that "the issues sought to be raised do not present any federal question cognizable by the federal district court . . . ."[5] If the petitioner cannot pass the federal ques-

---

[5] Practice Book § 4143 provides: "Sec. 4143. ——WHEN AVAILABLE

"(a) Writs of error for errors in matters of law only may be brought from a final judgment of the superior court to the supreme court.

"(b) No writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification, except that the state may bring a writ of error where it has been denied certification to appeal in a habeas corpus proceeding pursuant to General Statute § 52-470 (b) and a petitioner may bring a writ of error in a habeas corpus proceeding requiring certification to appeal where petitioner has been denied certification to appeal and the issues sought to be raised do not present any federal question cognizable by the federal district court, or (2) the parties, by failure

tion hurdle in order to bring a writ of error, he may then seek relief via the federal habeas corpus route under 28 U.S.C. § 2254.

Furthermore, the legislature has deemed it appropriate in other contexts for a judge to review his own decision for the limited purpose of determining whether an appealable issue exists. For example, General Statutes § 54-95 provides that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the supreme court or the appellate court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the supreme court or by the appellate court. . . ." Additionally, General Statutes § 54-96, which requires the permission of the presiding judge in order for the state to appeal in a criminal case, has ordinarily been considered to apply where the judge who presided at the trial also made the determination of whether to permit an appeal. See, e.g., *State* v. *Avcollie,* 178 Conn. 450, 452, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980); *State* v. *Morrissey,* 18 Conn. App. 658, 659, 560 A.2d 471 (1989).

Finally, we turn to the issue of res judicata as raised in these cases by Judge Mack. His denials of the motions to withdraw were apparently based on his view that the previous decision granting certification to appeal in each case had res judicata effect on a subsequent motion to withdraw. We disagree.

In a habeas corpus case, the adjudication on the merits is the judgment on the habeas petition, and not the subsequent order granting certification to appeal.

timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification."

Furthermore, because it is clear under *State* v. *Rogers,* 199 Conn. 453, 459, 508 A.2d 11 (1986), that a judge is not bound by the decision of another judge made at an earlier stage in the proceedings, Judge Mack was not bound by the earlier decisions of Judges Barry and Kline granting certification to appeal, when he considered the two motions to withdraw.

In both cases, the orders denying the motions to withdraw are set aside, and the motions to withdraw are referred to the presiding judge of the trial court for further proceedings consistent with this opinion.

In this opinion the other judges concurred.