[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a combined Memorandum of Decision on the above three mentioned cases on which a notice of appeal has been filed by the defendant Donald Utz. In his petition for certification, he has petitioned the court as follows: "The petitioner requests a certification that a question is involved in the decision on my habeas corpus petition which ought to be reviewed by the Connecticut Appellate Court" signed by the petitioner and/or his CT Page 6883 attorney.
The question before the court is, should the certification be granted. This court is mindful of the fact that Mr. Utz was convicted on May 12, 1983 of the crimes of murder, attempted murder and weapon in a motor vehicle. The Connecticut Supreme Court upheld his conviction in State v. Utz,201 Conn. 190 (1986). The petitioner since then has filed multiple habeas corpus actions and a petition for new trial. In the habeas corpus held by this court in 0107820S, the case was called by the participants "ineffective assistance of counsel case." The court decided that case by Memorandum of Decision dated March 27, 1991. Said decision was fifteen (15) pages in length.
In the other case numbers — 0107817S and the 0107821S, the petition for habeas corpus alleged constitutional violations prior to and during the hearing of the petition for new trial. This court rendered a decision on March 27, 1991 consisting of fifteen (15) pages.
The habeas corpus petitions in the above mentioned matters were dismissed by this court. The court has reread the brief of Mr. Utz and his counsel, and has reread the state's brief and its Memorandum of Decisions in the above mentioned matters. In addition, the court has read the petitioner's memorandum in support of motion for arrest of judgment and/or set aside the verdict dated July 11, 1991, filed by Donald W. Utz, pro se.
The issue before the court is, should this court certify the question for review. This court raises of its own motion, the question of what procedure does the judge who denied the habeas corpus motions follow in determining whether to grant certification for an appeal. It appears to be an issue of first impression. Connecticut General Statutes 52-470b provides that:
 (b) No appeal from the judgment rendered in a habeas corpus proceeding brought in order to obtain his release by or in behalf of one who has been convicted of crime may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or a judge of the supreme court or appellate court to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies. (1967, P.A. 182: 1982, P.A. 82-160 171: 1983, June Sp. Sess., P.A. 83-29 47, eff. July 1, 1983.) CT Page 6884
The Connecticut Practice Book 4143(b)(1) refers to the petitioner's right to bring a writ of error to the supreme court following denial of certification.
The recent Appellate Court decision of Franko v. Bronson,19 Conn. App. 686 (1989), which dealt with the right to counsel in habeas corpus cases, discusses the certification procedure.
 We are aware that the certification requirement of General Statutes 52-470(b); see footnote 1, supra; frequently places the judge who tried the habeas corpus case in the uncomfortable position of reviewing his own decision to determine whether an appealable issue exists. While we can understand a judge's reluctance to deny a petitioner's request to appeal under those circumstances, we note that such a denial of a petition for certification of appeal does not leave the petitioner without further recourse. If the petition for certification to appeal is denied, the petitioner may bring a writ of error in the Supreme Court under General Statutes 52-273 and Practice Book 4143, provided that "the issues sought to be raised do not present any federal question cognizable by the federal district court . . . ." [5] If the petitioner cannot pass the federal question hurdle in order to bring a writ of error, he may then seek relief via the federal habeas corpus route under 28 U.S.C.
 Furthermore, the legislature has deemed it appropriate in other contexts for a judge to review his own decision for the limited purpose of determining whether an appealable issue exists. For example, General Statutes 54-95 provides that "[n]o appeal may be taken from a judgment denying a petition for a new trial unless, within ten days after the judgment is rendered, the judge who heard the case or a judge of the supreme court or the appellate court, as the case may be, certifies that a question is involved in the decision which ought to be reviewed by the supreme court or by the appellate court. . . ." Additionally, General Statutes 54-96, which requires the permission of the presiding judge in order for the state to appeal in a criminal case, has ordinarily been considered to apply where the judge who presided at the trial also made the determination of whether to permit an appeal. See, e.g., State v. Avcollie, 178 Conn. 450, 452, 423 A.2d 118 (1979), cert. denied 444 U.S. 1015, (1980); State v. Morrissey, 18 Conn. App. 658, 659, 560 A.2d 471 (1989).
It appears that the procedure to be followed by the judge in deciding whether to grant certification to the petitioner to appeal a denial of a habeas corpus motion is that the judge must "review his own decision to see whether an appealable issue exists.
Franko at 692 concludes that the petitioner is also to be accorded the protections set out in Anders v. California,386 U.S. 738, (1967). While those protections primarily relate to the performance of counsel for the petitioner, the court also encourages the court to "pursue vigorously its own review." Anders at 498.
In Anders, basically the attorney is to issue a no merit letter which means that the attorney must make a review. In Anders, it indicates that not only should the lawyer brief his case for his position, but "it would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also the legal authorities as furnished it by counsel."
Therefore, the current authority requires the court to do more than rubber stamp the certification issue, but rather to make a searching inquiry. This court has made such a searching inquiry and has determined that there is no question involved in the decision on the habeas corpus petitions which ought to be reviewed by the Connecticut Appellate Court. Therefore, the foregoing petitions for certification are hereby denied.
KARAZIN, J. CT Page 6885