[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PERMISSION TO WITHDRAWAPPEARANCE OF PUBLIC DEFENDER
The office of the Public Defender was appointed to represent the appellant, Lorne Acquin, in this appeal from the dismissal of his petition for habeas corpus. In accordance with Connecticut Practice Book § 952, et seq. and § 4035(c) et seq., appellate counsel has moved to withdraw the appearance of all public defenders. See Anders v. California, 386 U.S. 738, 18 L.Ed.2d 493
(1967); Franko v. Bronson, 19 Conn. App. 686, 692 (1989).
This court has reviewed the Anders brief filed by counsel, the trial court file which includes the amended petition for habeas corpus relief, the trial briefs filed by the petitioner and the respondent, the trial transcript and the trial court's memorandum of decision. It finds an appeal in this matter would be wholly frivolous.
The appellant, Lorne Acquin, was convicted of nine counts of Murder and one count of Arson following a trial to a jury of twelve in the Judicial District of Waterbury. His convictions were affirmed on direct appeal. State v. Acquin, 187 Conn. 647 (1982).
The appellant, through counsel, filed an amended habeas corpus petition dated February 1, 1991. His petition alleged that his incarceration was illegal in that it violated his right to equal protection of law as guaranteed by the United States and Connecticut Constitutions. He claimed the violation was based on CT Page 6341 under representation of members of minority groups (specifically Blacks and Hispanics) in jury selection.
At the time of his original jury trial, his trial counsel, Attorney John Williams, did not raise the racial or ethic minority under representation claim. Rather, Attorney Williams challenged the jury array by presenting evidence that women were under represented on the jury panel from which the jury was chosen. Williams claimed that this violated Acquin's right to a jury array selected from a fair cross-section of the community. The trial court denied the claims and the denial was affirmed on appeal.State v. Acquin, 187 Conn. 647 (1982).
Several years after Acquin's trial and direct appeal, the United States District Court in Connecticut, ruled that the jury selection procedure used in Connecticut state courts in the mid-1970's was unconstitutional. Alston v. Lopes, 621 F. Sup. 992 (D.Conn. 1985), aff'd sub. nom. Alston v. Manson,791 F.2d 255 (2d Cir. 1986). After the amended petition was filed in this case, the Connecticut Supreme Court ruled that habeas petitioners must show "cause and prejudice" for their failure to raise the jury array challenges at or prior to trial. Johnson v. Commissioner,218 Conn. 403 (1991).
In this habeas case, the respondent raised the issue of procedural default to which "cause and prejudice" would apply. The burden of proof of "cause and prejudice" shifted to the petitioner. The petitioner and respondent agreed that the issues should be bifurcated, with the issue of whether "cause" existed for the default to be tried first.
The habeas court held that the minority under representation issue was viable at the time of Acquin's trial, that Attorney Williams was aware of the issue, and he could have proved it if he chose to do so. (Memorandum of Decision, dated January 11, 1994, page 3, Klaczak, J.). Judge Klaczak also ruled that there was no basis for a claim of ineffective assistance of counsel based on William's failure to raise the claim at trial. The court found that Williams made a tactical decision to raise the gender under representation issue rather than the race/ethic issue. Id. The Connecticut Supreme Court has ruled as follows: "The petitioners' claims of ineffective assistance of counsel are based solely upon the failure of their attorneys to perceive what theAlston [supra] attorneys, at least in 1985 before the federal district court, did perceive, that a viable equal protection CT Page 6342 challenge might be based on the disparate impact of § 51-220 on minority representation on juries. We do not agree that such a failure constitutes a violation of the Strickland
[Strickland v. Washington], 466 U.S. 668 (1984)] standard for competent representation of a criminal defendant." Johnson at 427.
The petitioner's habeas appellate counsel has stated that there are no nonfrivolous issues to raise on appeal in light of the precedent of Johnson and the factual finding of the habeas court that Williams made a reasonable tactical decision not to raise this issue at trial. Even though appellate counsel disagrees with Judge Klaczak's factual findings, he concedes that the evidence can be reasonably construed to support Judge Klaczak's findings.
The undersigned judge agrees with counsel's conclusions after reviewing the Anders brief, habeas trial court file, trial briefs, trial transcript, and the trial court's memorandum of decision.
The undersigned has also reviewed appellant's objection to the attorney's motion to withdraw as counsel, dated May 29, 1994. Appellant claims the attorney's motion to withdraw and finding that no nonfrivolous issues exist, constitutes an ethical violation by counsel. Appellant fails to state an adequate basis for this claim. In fact, the attorney is meeting his ethical obligation in this case, which is exactly the point raised in Anders v.California, 386 U.S. 738 (1967).
Appellant next claims that Judge Klaczak's granting of the petition for certification raises a genuine issue for the Appellate Court. A contrary ruling was made by the Appellate Court in Frankov. Bronson, supra, 19 Conn. App. 686, giving rise to the procedure being followed by this court.
The appellant also claims that appellate counsel failed to file a brief required by Anders. The document entitled "Report to the Court in Support of Motion to Withdraw as Counsel" is a proper legal brief in satisfaction of Anders. The "Report" is actually a very thorough and scholarly legal brief.
Although appellant claims he did not receive a copy of the attorney's "brief" he admits he received a copy of the "report," which is, in fact, the brief.
Finally, appellant claims the appellant lawyer fails to recognize the ineffective assistance of counsel issue. Appellate CT Page 6343 counsel did, in fact, deal with this issue in his report on page six. Counsel recognized that, based on the habeas court's factual findings, that there would not be a valid ineffective assistance of counsel claim in this case, citing Johnson v. Commissioner, supra,218 Conn. 403. Counsel is correct in his assessment of this issue.
I find that an appeal in this case would be wholly frivolous. For the foregoing reasons and pursuant to Franko v. Bronson, supra, this case is referred to the judge who granted certification to appeal (Klaczak, J.) for his further review.
BY THE COURT,
Hon. Jonathan J. Kaplan Judge, Superior Court