[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (RE: MOTION FOR PERMISSION TO WITHDRAWAPPEARANCE OF PUBLIC DEFENDER)
The special public defender appointed to represent the petitioner in his application for a writ of habeas corpus has moved to withdraw his appearance on the ground there is no non-frivolous argument in support of the petitioner's claim.
The United States Supreme Court in Anders v. California,386 U.S. 738 (1967), and the Connecticut Supreme Court in Fredericks v.Reincke, 152 Conn. 501 (1965) and State v. Pascucci, 161 Conn. 882
(1971), established the procedure to be followed in cases where appointed counsel concludes that an appeal would be wholly frivolous. If after conscientious examination of the case counsel finds that case is wholly frivolous, he must advise the court and request permission to withdraw. Such a request must "be accompanied by a brief referring to anything that might arguably support the appeal" Pascucci, 161 Conn. at 385. A copy of the report must be furnished to the indigent client and time allowed CT Page 2189 him to raise any points that he chooses. Id. This procedure is mandated by "[t]he constitutional requirement of substantial equality and fair process." Anders, 386 U.S. at 744.
The Court, not counsel, bears the responsibility of determining whether the case is wholly frivolous. The Court must make a full examination of all the proceedings before making that decision. Anders, supra; Pascucci, supra.
The Court in Anders, supra, articulated the standard by which requests to withdraw are to be judged. A conclusion that the appeal is unlikely to succeed or even that it lacks merit is insufficient. If any legal point is arguable on its merits, the appeal is not frivolous, and counsel may not be permitted to withdraw. Anders, 386 U.S. at 744. The Connecticut Supreme Court has adopted this standard for motions to withdraw on appeal.Pascucci, 162 Conn. at 385-86.
The United States Supreme Court has held that the Anders
procedure is not required by the federal constitution when counsel seeks to withdraw from a habeas corpus case. Pennsylvania v.Finley, 481 U.S. 551 (1987). The Connecticut Supreme Court has not decided the issue, but the Appellate Court, in Franko v. Bronson,19 Conn. App. 686 (1989), held that Anders was applicable to appeals arising from habeas corpus cases.
The Court has examined the file in this case, reviewed counsel's memorandum in support of his motion for permission to withdraw appearance, and the trial transcript (covering the dates of December 2, 3, 4, 7, 8 and 9, 1992.
Following a jury trial the petitioner was convicted of robbery in the first degree in violation of General Statutes § 53a-134(a)(3) and sentenced to a term of imprisonment.
Upon appeal to the Connecticut Appellate Court, his conviction was affirmed, State v. Cruz, 33 Conn. App. 849 (1994). There were three issues raised on appeal, as follows: 1st, that the trial court's instructions as to reasonable doubt were improper; 2nd, that the trial court improperly marshaled the evidence and that its comments to the jury on the evidence were prejudicial; 3rd, that the trial court gave an unfair and coercive supplemental charge to the jury after it reported it was deadlocked.
The petitioner claims his trial attorney provided ineffective CT Page 2190 assistance of counsel in that he failed to properly present exculpatory evidence, and otherwise mishandled the trial. He also claims that certain rulings of the trial court deprived him of a fair trial and due process.
A review of the entire record leads this Court to conclude that there is no merit to the claims made by the petitioner and that pursuit of the habeas petition would be wholly frivolous.
In this case trial counsel conducted a spirited and complete cross-examination of the state's witnesses. He moved to suppress the eye-witness identification. The petitioner proceeded with an alibi defense while the state had strong eye-witness identification and corroborating circumstantial evidence (clothing described by the victim was found in the possession of the petitioner). The jury is entitled to determine the credibility of witnesses and the transcript shows trial counsel made an effective, albeit unsuccessful, presentation.
As to the particular claims made by petitioner, they include a claim of bias against one of the arresting officers. Counsel explored this issue and argued it to the jury.
He claims his public defender should have been recused because of a conflict. The transcript shows that, just prior to trial, Cruz expressed dissatisfaction with his public defender, but the court did not find sufficient basis for removing him. (Trnscrpt. pg. 374). There is no further claim of dissatisfaction and trial counsel was obviously prepared for trial and, as stated earlier, conducted a spirited defense. (He was also appellate counsel).
He claims further that he has a tattoo on the fingers of his left hand which spell "L O V E" and that his attorney failed to present that in court. The transcript shows otherwise. The attorney brought out that the victim did not see the tattoo and argued that to the jury. (the State argued the victim could have easily overlooked that in the few seconds he had to observe the assailant's hand.) But the attorney did not overlook this item.
His claim that the Court rushed the jury to a decision was encompassed within the appeal and decided in that forum.
In short, the petitioner cannot have a new trial simply because he is dissatisfied with the outcome of the first one. Nor does the fact of conviction form a per se basis for a claim of CT Page 2191 ineffective assistance.
On the basis of the record in this case, the Court finds the claims made by the petitioner to be totally without merit and that he has no non-frivolous claim to be made.
Accordingly, the motion to withdraw appearance of public defender is granted.
Klaczak, J.