[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the petitioner, Lawrence Harris, filed a Habeas Corpus petition on April 5, 1994. The petitioner is represented by Attorney Christopher Sheehan. The petitioner CT Page 14526 alleges that his sentence is illegal as the crimes of Robbery in the First Degree and Robbery in the Second Degree are indistinguishable as set out in the Connecticut General Statutes.
The petitioner's present attorney has filed a Motion to Withdraw as petitioner's counsel as said counsel can find no non-frivolous issues to argue on the petitioner's behalf to this court that could result in the petitioner's habeas corpus' petition being granted.
The procedure to be followed in cases where petitioner's counsel is of the opinion that a petition for habeas corpus has no merit or is frivolous are set forth in Anders v. California,386 U.S. 738 (1967), and in Fredericks v. Reincke, 152 Conn. 501
(1965), and State v. Pascucci, 161 Conn. 382 (1971). Those cases hold that if after a conscientious review of the petitioner's case, the petitioner's attorney decides the case is merely frivolous, the attorney should so advise the court and request permission to withdraw from the case. Such a request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. State v. Pascucci,
supra, 385. A copy of counsel's brief should be furnished to the indigent (petitioner) and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Id. The constitutional requirements of substantial equality and fair process mandates this procedure be followed. Anders v. California, supra, 744. Therefore the court has the responsibility to determine if a petitioner's petition for habeas corpus is wholly frivolous.
The standard as to whether a petition is frivolous is whether the court finds any of the legal points arguable on their merits and therefore not frivolous. Anders v. California, supra, 744. Connecticut has adopted the Anders standard in State v. Pascucci, supra, 385, 386. (See also Connecticut Practice Book §§ 529T and 529U.)
Although Anders v. California, supra, was a habeas corpus action, the opinion in that case focuses only upon "the extent of the duty of court appointed appellate counsel to prosecute a first appeal from a criminal conviction after that attorney has conscientiously determined that there is no merit to the indigent's appeal." Franko v. Bronson, 19 Conn. App. 686, 691
(1989). In the Franco case the court stated that because the CT Page 14527 legislature has created a right to counsel in habeas corpus cases under § 51-296, and in appeals therefrom, we conclude that the right to appeal in habeas corpus actions should be extended the same protections as those set out in the Anders decision. Id., 692.
The petitioner was convicted of Robbery in the First Degree under Connecticut General Statute § 53a-134(a)(4) and Larceny in the Third Degree under Connecticut General Statute § 53a-124
in October 1990, and was sentenced to a substantial period of incarceration for those crimes. The petitioner appealed his conviction and the Connecticut Appellate Court upheld said conviction in 32 Conn. App. 476 (1993).
As stated hereinbefore the petitioner alleges his sentence is illegal because he believes the crimes of Robbery in the First Degree and Robbery in he Second Degree are indistinguishable under the Connecticut Statutes.
Connecticut General Statute § 53a-134 defines Robbery in the First Degree and reads as follows:
 "Sec. 53a-134. Robbery in the first degree: Class B felony. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime: (1) Causes serious physical injury to a person who is not a participant in the crime; or (2) is armed with a deadly weapon; or (3) uses or threatens the use of a dangerous instrument; or (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a weapon from which a shot could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime.
 (b) Robbery in the first degree is a class B felony provided any person found guilty under subdivision (2) of subsection (a) shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or CT Page 14528 reduced by the court."
Connecticut General Statute § 53a-135 defines Robbery in the Second Degree and reads as follow:
 "Sec. 53a-135. Robbery in the second degree: Class C felony. (a) A person is guilty of robbery in the second degree when he commits robbery as defined in section 53a-133
and (1) he is aided by another person actually present; or (2) in the course of the commission of the crime or of immediate flight therefrom he or another participant in the crime displays or threatens the use of what he represents by his words or conduct to be a deadly weapon or a dangerous instrument.
(b) Robbery in the second degree is a class C felony."
The terms deadly weapon and dangerous instrument are defined in Connecticut General Statute § 53a-3 as follows:
 "(6) `Deadly weapon' means any weapon, whether loaded or unloaded, from which a shot may be discharged, or a switchblade knife, gravity knife, billy, blackjack, bludgeon, or metal knuckles. The definition of `deadly weapon' in this subdivision shall be deemed not to apply to section 29-38 or 53-206;
 (7) `Dangerous instrument' means any instrument, article or substance which, under the circumstances in which it is used or attempted or threatened to be used, is capable of causing death or serious physical injury, and includes a `vehicles' that term is defined in this section;"
A reading of these statutes shows that they are quite distinct from each other in meaning and application. The petitioner has not sustained his burden of proof that the two aforementioned statutes are indistinguishable from each other.
The petitioner is specifically claiming that Connecticut General Statute §§ 53a-134(a)(4) and 53a-135(a)(2) are indistinguishable. However, there is a significant difference between the two statutes. State v. Evans, 200 Conn. 350, 359 (1986). The Connecticut Supreme Court has made it clear that the essential difference between § 53a-134(a)(4) and § 53a-135(a)(2) is the type of weapon used. The former is limited to firearms; the CT Page 14529 latter includes firearms but is not limited to them. Id., 359.
The Court finds that the petitioner's attorney has made a conscientious examination of the matters and issues involved in the petitioner's case and the law relative thereto. Attorney Sheehan has set forth the claims of the petitioner in his brief. He has set forth the factual and legal basis for his conclusion that the case is wholly frivolous, all in accordance with § 529T of the Connecticut Practice Book.
The petitioner in his oral argument to the Court made reference to a Federal Bureau of Investigation file on this matter. He alleges as far as the Court could determine that said file had exculpatory material in it which the State will not give him. However, he presented no proof of this nor was this allegation set forth in his habeas corpus petition.
The Court, after hearing the evidence in this matter and after further reviewing the petitioner's habeas corpus file, finds that this matter is wholly without merit. The Court therefore grants the motion of Attorney Christopher Sheehan to withdraw as the petitioner's attorney. The Court further dismisses the petitioner's habeas corpus petition for the reasons stated herein.
WILLIAM J. SULLIVAN, JUDGE