[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter the petitioner, Carthaniel Baldwin, filed a petition for Writ of Habeas Corpus on October 14, 1994. The petitioner is represented by Attorney Patrice A. Cohan. The petition alleges four different reasons why it should be granted. First, the petitioner claims that he was without legal representation at the time of his February 27, 1990 conviction. There is absolutely no evidence to support this allegation. In fact there is evidence to the contrary. At the time of his guilty plea under the "Alford Doctrine" he was represented by Attorney David Abbamonte of the Public Defender's office. Prior to that he was represented by Attorney William Schipuil of the same office. The latter fact is stated in his petition.
The petitioner's second allegation is that he requested a speedy trial and did not receive the same. He was arrested on April 28, 1989. During oral arguments Attorney Cohan represented to the court that according to the court file a motion for a Speedy Trial was filed for the petitioner on December 18, 1990. The motion was granted on December 27, 1990. According to attorney CT Page 14464 Cohan the petitioner's trial commenced on February 23, 1991 and subsequently a mistrial was declared on February 27, 1991. No one could give the court a reason for the mistrial. The petitioner claims his trial never started. The court record indicates that a jury panel was empaneled for the petitioner's trial on February 23, 1991. The petitioner denies that any jurors were ever questioned for his case.
After the mistrial was declared the petitioner plead guilty under the Alford Doctrine to Possession of Narcotics with Intent to Sell in violation of Connecticut General Statute § 21a-277(a). He received an agreed upon sentence of eight years execution suspended after he served four years with three years probation. From the oral arguments made to the court by both Attorney Cohan and the petitioner this court must find that the petitioner received a speedy trial. Connecticut General Statute § 54-82c governs a prisoner's right to a speedy trial on pending charges. Under that statute the state must give a prisoner a trial within one hundred and twenty days after said prisoner has caused to be delivered to the state s attorney notice of his request for a speedy trial. This was done in this matter.
The petitioner's third allegation is that they are no facts to support his guilty plea. The petitioner presented no evidence to support this claim nor could the court find any such evidence. The court reviewed the transcript of the petitioner's plea canvass and found said plea canvass to be complete, detailed and in accordance with all constitutional standards.
The fourth allegation of the petitioner's concerns a statement by the sentencing Judge wherein said Judge stated:
 I am assuming, gentlemen, that no different or additional punishment may be authorized because of a prior conviction for this. In other words, I'm talking about sentence enhancement.
The petitioner in oral argument stated that he thought those words meant that the sale of narcotics charges that were dismissed against him when he plead guilty on February 27, 1991, could never be used against him or brought to the attention of a Judge in any future arrest which might be made on him. Attorney Cohan stated those aforementioned words of the sentencing Judge meant that the petitioner was not going to be pleading as a "persistent felony CT Page 14465 offender" when he plead guilty on February 27, 1991. The court can find no reason for attributing the meaning to those words that the petitioner did. In fact the petitioner plead guilty to another count of Possession of Narcotics with intent to Sell on that date. At a later date the petitioner claims the dismissed charges were used in a different criminal trial in which the petitioner was a defendant to prove "intent".
The petitioner's present attorney has filed a Motion to Withdraw as Petitioner's counsel as said counsel can find no non frivolous issues to argue on the petitioner's behalf to this court that could result in the petitioner's habeas corpus' petition being granted.
The procedure to be followed in cases where petitioner's counsel is of the opinion that a petition for habeas corpus has no merit as it is frivolous are set forth in Anders v. California,386 U.S. 738 (1967) and in Fredericks v. Reincke, 152 Conn. 501 (1965) and State v. Pascucci, 161 Conn. 382 (1971). Those cases hold that if after a conscientious review of the petitioner's case, the petitioner's attorney decides the case is merely frivolous, the attorney should so advise the court and request permission to withdraw from the case. Such a request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. State v. Pascucci, supra 385. A copy of counsel's brief should be furnished to the indigent (petitioner) and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous Id. The constitutional requirements of substantial equality and fair process mandates this procedure be followed. Anders v. California, supra 744. Therefore the court has the responsibility to determine if a petitioner's petition for a writ of habeas corpus is wholly frivolous.
The standard as to whether a petition is frivolous is whether the court finds any of the legal points arguable on their merits and therefore not frivolous. Anders v. California, supra 744. Connecticut has adopted the Anders standard in State v. Pascucci,
supra 385, 386. (See also Connecticut Practice Book Sections 529 T and 529 U).
Although Anders v. California supra was a habeas corpus action, the opinion in that case focuses only upon "the extent of the duty of court appointed appellate counsel to prosecute a first CT Page 14466 appeal from a criminal conviction after that attorney has conscientiously determined that there is no merit to the indigent's appeal. Franko v. Bronson, 19 Conn. App. 686, 691 (1989). TheFranko court stated that because the legislature has created a right to counsel in habeas corpus cases under § 51-296, and in appeals therefrom, we conclude that the right to appeal in habeas corpus actions should be extended the same protections as those set out in the Anders decision Id. 692.
In representing the petitioner in this matter Attorney Cohan stated that she spoke with his two prior attorneys, namely, Attorney William Schipuil and Attorney David Abbamonte about his case. She examined all the public defender records that exist as well as the court file. She also reviewed the petitioner's medical and psychiatric records from the jail to see if there might be an understanding impairment by the petitioner. She stated she found no such impairment. She also reviewed the court transcripts of the petitioner's plea of guilty and the plea canvass relative thereto and his sentencing hearing. She stated she also reviewed the Connecticut Statute relative to "Persistent Felony Offenders" and found that it did not apply in this case and she further found it was not applied in this case. Attorney Cohan stated she interviewed the petitioner about his case. Also she stated she reviewed the law relative to this case.
Under Connecticut Practice Book § 529u the court has three courses of action it may take on the petitioner's counsel's motion to withdraw as Attorney. It may grant the motion and dismiss the matter, or it may grant the motion and allow the petitioner to proceed pro se, or it may deny the motion.
After hearing the arguments of Attorney Cohan and the petitioner and further after reviewing all of the documents filed relative to this petition for Writ of Habeas Corpus this court grants Attorney Patrice A. Cohan's Motion to Withdraw as Attorney for the petitioner in this matter. The court further dismisses the petitioner's (Carthaniel Baldwin) petition for Writ of Habeas Corpus as the court can find no merit whatsoever to any of the claims which he makes in his said petition. Further the court can find no other issue on which the petitioner might have an arguably claim.
For all of the above reasons the Motion to Withdraw as Attorney is granted and the matter is dismissed. CT Page 14467
Judgment may enter accordingly.
William J. Sullivan, Judge