[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this writ of habeas corpus alleging that his trial counsel was ineffective in that he allowed him to plead guilty to Burglary in the First Degree and Robbery in the First Degree when under the circumstances he could have reduced both to lesser degrees which would have resulted in a lesser sentence than 20 years. He also claims that he was on drugs at the time and wanted an evaluation. He also claims that the entry CT Page 3138 to the premises was not forced and without intent to hurt anyone and that the knife he carried was less than six (6) inches.
His Special Public Defender filed a memorandum in support of his motion for permission to withdraw appearance. Anders v.California, 386 U.S. 738, 739 (1967); Franko v. Bronson,19 Conn. App. 686, 692; P.B. 529T and 529U. The court (Berger, J.) granted the motion for permission to withdraw. The matter came to this court and inquiry was made of the petitioner if he had an opportunity to have read the memorandum in support of the motion. When his answer was in the negative, he was supplied with a copy of the motion, the memorandum, and transcripts of the canvas and sentencing proceedings and the matter was passed to give him an opportunity to review the documents. After said opportunity, he was asked whether he agreed with his former attorney's memorandum or did he wish to proceed by demonstrating there was merit to his petition. He decided to proceed.
He claimed that his attorney failed to make any motions to suppress evidence which seizure occurred at his arrest; he failed to get the state to bargain for a lesser included charge on both the Burglary in the First Degree and Robbery in the First Degree; and failed to have an evaluation on the effects of crack cocaine on his mental state at the time of the crime. He also added that he was still under the influence of the cocaine at the time of his plea and sentence.
The record discloses that the petitioner received a plea bargained sentence of twenty (20) years, total effective sentence for the conviction of Burglary in the First Degree and Robbery in the First Degree and violation of probation. From the facts admitted by the petitioner in his petition and the inferences to be drawn therefrom there was evidence for each element of both Burglary in the First Degree and Robbery in the First Degree. The fact that he was lawfully allowed to enter, if that was the case, his subsequent larceny made his remaining unlawful. The fact that the knife he displayed might have been less than six (6) inches does not exclude it from the definition of "dangerous instrument." It is unlikely that the State would consider a lesser included charge when, because of the petitioner's extensive violent criminal history, preying on the elderly and disabled, they were considering an enhanced penalty through a charge of being a dangerous felony offender.
As to motions to suppress, the police officers responding to CT Page 3139 the 911 call saw the petitioner who fit the description given by the victims on the street a short distance from the victims' apartment. It was reasonable for the officers to pat him down for the knife which he was reported to possess so that he could be returned to the victims' apartment for identification. The seizure of the knife uncovered the possession of the victims' wallet and jewelry from the petitioner. Even if, for some reason the court was not to find probable cause for the petitioner's arrest by fitting the description given by the victims or that along with the possession of the knife, the evidence of his possession of the knife, wallet and jewelry would not be excluded under the rule of inevitable discovery. State v. Ortiz,14 Conn. App. 493, 502. The officers were on their way to the victims' apartment and would have unquestioned authority to have searched him after the victims' identification of the petitioner as the perpetrator.
The petitioner's claim that crack cocaine so affected his mental state as to warrant some different penalty is belied by his ability to give a detailed statement to the police on the day of the crimes and to respond to the respective judges at the canvas of his plea and his remarks at sentencing in detail. He certainly was articulate and persuasive when he addressed the sentencing judge: "I'll take my weight for what I do. If I do something, I'm man enough to say — yes, I did it. I did do this crime."
After a review of the transcripts and record and a consideration of the petitioner's understanding of his claims in this petition and their factual basis, the court finds that the case is wholly without merit and therefore dismisses the petition. P.B. 529U; Franco v. Bronson, 19 Conn. App. 686, 692.
Corrigan, JTR