[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR PERMISSION TO WITHDRAWAPPEARANCE AS PETITIONER'S COURT-APPOINTED COUNSEL)
The public defender appointed to represent the petitioner in an application for a writ of habeas corpus (Attorney Todd Edgington) has moved to withdraw as counsel, on the ground that there are no non-frivolous arguments in support of the petitioner's claim.
The United States Supreme Court in Anders v. California,386 U.S. 738 (1967), and the Connecticut Supreme Court in Fredericksv. Reincke, 152 Conn. 501 (1965) and State v. Pascucci,161 Conn. 882 (1971), established the procedure to be followed in cases where appointed counsel concludes that an appeal would be wholly frivolous. If after conscientious examination of the case counsel finds that case is wholly frivolous, counsel must advise the court and request permission to withdraw. Such request must "be accompanied by a brief referring to anything that might arguably support the appeal" Pascucci, 161 Conn. At 385. A copy of the report must be furnished to the indigent client and time allowed for petitioner to raise any points in opposition to the motion. Id. This procedure is mandated by "[t]he constitutional requirement of substantial equality and fair process." Anders,386 U.S. at 744. To date, the petitioner has not responded, although the time indicated has passed.
The Court, not counsel, bears the responsibility of determining whether the case is wholly frivolous. The court must make a full examination of all the proceedings before making that decision. Anders, supra; Pascucci, supra.
The court in Anders, supra, articulated the standard by which requests to withdraw are to be judged. A conclusion that the habeas petition is unlikely to be granted, or even that it lacks merit, is insufficient. If any legal point is arguable on its merits, the petition is not frivolous, and counsel may not be permitted to withdraw. Anders, 386 U.S. at 744. CT Page 4728
The United States Supreme Court has held that the Anders
procedure is not required by the federal constitution when counsel seeks to withdraw from a habeas corpus case. Pennsylvaniav. Finley, 481 U.S. 551 (1987). The Connecticut Supreme Court has not decided the issue, but the Appellate Court, in Franko v.Bronson, 19 Conn. App. 686 (1989), held that Anders was applicable to appeals arising from habeas corpus cases.
The Court has examined the file in this case, reviewed the memorandum in support of counsel's motion for permission to withdraw appearance, and the trial transcript of May 14, 1995.
The Trial Court (Fracasse, J.) found the petitioner in Violation of Probation in two separate files (Docket Numbers 287497 and 277013). The Court imposed an effective sentence of six years to serve.
Upon appeal to the Connecticut Appellate Court, the Trial Court's Judgment was affirmed, State v. McFarland,36 Conn. App. 440 (1994). The sole issue on appeal was that the defendant had apparently been released from prison earlier than his previously established release date. Defendant claimed that he was not yet on probation at the time of the alleged offenses that triggered his probation violation, because of his early (or "in error"") release.
Although the Appellate Court found defendant's argument to be novel, it rejected his plea entirely. It held "that the term release as used in General Statutes § 53a-31 includes physical release from custody, whether by mistake or not, and that probation commences by operation of law on the date of the actual release from imprisonment." Id. At 448.
In this Habeas Corpus proceeding, petitioner claims theidentical factual and legal issues decided by the Appellate Court. This has put the Habeas Court in the position of reviewing the Appellate Court's Decision. If Appellate Court decisions are to be reviewed, the proper court would be the Supreme Court, not the Trial Court.
This court will not sit in review of the Appellate Court. The identical issue being raised in this Habeas Corpus case has been decided by the Appellate Court. Id. That decision is binding on this court. Therefore, there is no issue to be decided by this court. CT Page 4729
On the basis of the record in this case, the court finds the claim made by the petitioner to be totally without merit and that there are no non-frivolous arguments in support of petitioner's claim.
Accordingly, the motion to withdraw appearance of public defender is GRANTED.
Further, the Habeas Corpus petition is DISMISSED, since there are no issues to be decided by this court. PB § 529U.
BY THE COURT,
Hon. Jonathan J. Kaplan Superior Court Judge