[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his trial counsel whom he did not want was ineffective in that he made him plead guilty at a time when he was not in a correct state of mind and without fully knowing the nature of what he was pleading guilty to. On January 27, 1997 his Special Public Defender stated in the court that in preparation of representing the petitioner that he had Dr. Selig, a psychiatrist, examine him and had discussed with the petitioner CT Page 5494 withdrawal from this case. He was unable to file a necessary memorandum because the psychiatrist's report had not been given in writing. The petitioner subsequently filed a motion for the appointment of counsel and the court instructed the petitioner that after hearing counsel on his motion to withdraw at which the petitioner would also be heard, the court had several options, to allow him counsel, to allow him to proceed pro se or to dismiss the petition.
A memorandum in support of counsel's motion for permission to withdraw was filed along with a transcript of the petitioner's plea and sentencing in the case of State of Connecticut v. FrankLeon, No. CR-91-84757 and two reports of Dr. Selig dated February 27, 1997 and March 17, 1997 respectively. Anders v. California,386 U.S. 738, 739 (1967); Franko v. Bronson, 19 Conn. App. 686,692; P.B. 529T and 529U.
From Dr. Selig's reports the court finds that the petitioner was competent when he responded to Judge Damiani's canvas of his plea to the charges of robbery in the first degree, burglary in the third degree with a firearm and kidnapping in the first degree with a firearm for a total effective sentence of fifteen (15) years on January 30, 1992 and was likewise competent on the date of sentencing before Judge Damiani on October 9, 1992 when he imposed that sentence for the same three (3) counts. The transcript of his plea proceedings makes clear the nature of the event in which the three (3) criminal charges arose and his appropriate responses that he understood.
The court finds that the petition is wholly without merit and should be dismissed.
For the above reasons the court dismisses the petition.
Thomas H. Corrigan Judge, Trial Referee