[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that his trial counsel was ineffective in that CT Page 6471 she (1) failed to call witnesses on his behalf specifically Linda Snow, the girlfriend of Todd Branham, who would testify that Branham who testified that he only knew the petitioner for three (3) months before the crimes, was not credible since he had known petitioner for eight (8) years; (2) did not permit the petitioner an opportunity to testify; and (3) did not distinctly raise on the record her objection to the trial court's refusal to allow her to question a juror, Darryl Toney, whom, when Todd Branham was called as a witness, he indicated that he knew.
His Special Public Defender filed a memorandum in support of his motion for permission to withdraw appearance, Anders v.California, 386 U.S. 738, 739 (1967); Franko v. Bronson,19 Conn. App. 686, 692; P.B. 529T and 529U. The court (Berger, J.) granted the motion for permission to withdraw. The matter came to this court when the petitioner desired to proceed to trial despite the court's (Berger, J.) action.
The record discloses that the victim, a sixty-five year old male as he walked to his station wagon from his apartment house saw three or four black males across the street who asked him for a cigarette to which he responded he had none. As he raised the tailgate of his station wagon he was attacked and pushed into a snow bank, struck in the face and his wallet was ripped from his pants pocket. The victim was unsure of the number of attackers but saw two flee from the scene, one in a distinctive brown furry hat and light colored jacket and the other wearing a brown jacket and dungarees. A neighbor called the police to whom the victim gave the description of his attackers. The broadcast of the description was received by two undercover officers who saw three individuals who matched the description as the officers pulled their unmarked police car to the curb, one of the suspects yell "cops" and all three began to run. One, Todd Branham, was immediately apprehended, the second was never caught and the third, petitioner, was caught hiding beneath a parked car after an extended chase. The victim identified Branham on the basis of his jacket and distinctive furry hat and the petitioner by his brown jacket, aided by the fact that his clothes were wet from the earlier altercation in the snow. Branham subsequently confessed and testified for the prosecution.
The petitioner testified that if Linda Snow had been called as a witness she would have been able to attack the credibility of Branham as to the length of time Branham and the petitioner had known each other. He also testified that he wanted to testify CT Page 6472 and so requested his attorney and would have said that he had not participated in the crimes and could explain why he fled.
Attorney Inkster, the petitioner's criminal trial counsel, testified that she attempted to find Linda Snow, whom she believed was a sister of the third suspect. She talked to her mother who said Branham and the petitioner were in conflict because of their respective desires for the attention of her daughter. The petitioner was adamant that he did not want her brought to court by way of a capias. She also testified that she discussed the defense of the case with the petitioner on May 22, 1986 and is positive that he did not want to testify.
 I
It is difficult to conceive how Linda Snow's testimony on a collateral matter as to how long Branham had known the petitioner would have any weight on the credibility of Branham in identifying the petitioner as one of the perpetrators of the crimes when such identification was corroborated by the victim's identification of the petitioner as well as the conduct of the petitioner in fleeing and hiding as described by the police officers.
 II
Even if this court were to disbelieve Ms. Inkster's testimony that the petitioner did not want to testify, for which there is no reasonable basis to do so, in light of the victim's and the police officers' description of his conduct, the petitioner fails to show how he could be persuasive in avoiding the conclusion that he was one of the perpetrators. Even if this court were to disbelieve Ms. Inkster's testimony that the petitioner did not want to testify, for which there is no reasonable basis to do so, in light of the victim's and the police officers' description of his conduct, the petitioner fails to show how he could be persuasive in avoiding the conclusion that he was one of the perpetrators.
 III
The court has broad discretion in determining the credibility to be given to a juror's statement in sitting fairly and impartially, United States v. Thompson, 744 F.2d 1065, 1068 (4th Cir. 1984). The petitioner has not shown his counsel would have CT Page 6473 been able to elicit different answers from such juror if given the opportunity or has he given any facts which puts the juror's fairness and impartiality in question.
A successful petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Copas v.Commissioner, 234 Conn. 139 (1995); Strickland v. Washington,466 U.S. 668, 694. The petitioner has failed to show that counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum, 211 Conn. 352, 357. Although counsel may have been able to perfect a better record as to why Linda Snow and the petitioner were not called as witnesses and as to the failure of the court to allow her to question the juror, no prejudice has been shown as stated previously. There is no reasonable probability, had these deficiencies not occurred, the result of the petitioner's criminal trial would have been different. Id., 357.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge, Trial Referee