[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION (MOTION FOR PERMISSION TO WITHDRAWAPPEARANCE AS PETITIONER'S COURT-APPOINTED COUNSEL)
The public defender appointed to represent the petitioner in an application for a writ of habeas corpus has moved to withdraw as counsel, on the ground that there are no non-frivolous arguments in support of the petitioner's claim.
The United States Supreme Court in Anders v. California,386 U.S. 738 (1967), and the Connecticut Supreme Court in Fredericksv. Reincke, 152 Conn. 501 (1965) and State v. Pascucci,161 Conn. 882 (1971), established the procedure to be followed in cases where appointed counsel concludes that an appeal would be wholly frivolous. If after conscientious examination of the case counsel finds that case is wholly frivolous, counsel must advise the court and request permission to withdraw. Such request must "be accompanied by a brief referring to anything that might arguably support the appeal" Pascucci, 161 Conn. At 385. A copy of the report must be furnished to the indigent client and time allowed for petitioner to raise any points in opposition to the motion. Id. This procedure is mandated by "[t]he constitutional requirement of substantial equality and fair process." Anders,386 U.S. at 744. Petitioner has not responded to date.
The Court, not counsel, bears the responsibility of determining whether the case is wholly frivolous. The court must make a full examination of all the proceedings before making that decision. Anders, supra; Pascucci, supra.
The court in Anders, supra, articulated the standard by which requests to withdraw are to be judged. A conclusion that the habeas petition is unlikely to be granted, or even that it lacks merit, is insufficient. If any legal point is arguable on its merits, the petition is not frivolous, and counsel may not be CT Page 779 permitted to withdraw. Anders, 386 U.S. at 744. The Connecticut Supreme Court has adopted this standard for motions to withdraw on appeal. Pascucci, 162 Conn. at 385-86.
The United States Supreme Court has held that the Anders
procedure is not required by the federal constitution when counsel seeks to withdraw from a habeas corpus case. Pennsylvaniav. Finley, 481 U.S. 551 (1987). The Connecticut Supreme Court has not decided the issue, but the Appellate Court, in Franko v.Bronson, 19 Conn. App. 686 (1989), held that Anders was applicable to appeals arising from habeas corpus cases.
The Court has examined the file in this case, and reviewed the memorandum in support of counsel's motion for permission to withdraw appearance.
The sole nature of petitioner's claim in this case is that he worked a seven-day job, and did not receive the proper time credit. Counsel has represented to the court, that the claim has been thoroughly investigated. Counsel further claims that: "The evidence demonstrates that the Petitioner did not work a qualifying seven-day job, and hence is not entitled to credits for such work." (Counsel's Anders brief, page 6).
Petitioner was notified by that court that counsel's motion to withdraw and Anders brief was being considered by the court. Petitioner was notified that he could file any objections with the court by January 2, 1998. (See notice in file dated 12-1-97). To date, petitioner has not sent any correspondence to the court.
The court finds there are no non-frivolous issues to be argued in this case. These findings are based on the investigation by counsel and counsel's representations to the court.
Accordingly, counsel's motion to withdraw is GRANTED.
Furthermore, since there are no non-frivolous issues to be tried, the petition is DISMISSED. P.B. § 529 U.
BY THE COURT, Kaplan, J. CT Page 780