[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: CERTIFICATION TO APPEAL
The petitioner filed his petition for writ of habeas corpus on October 12, 1995, alleging illegal confinement.
After hearing, the Court, by Memorandum of Decision filed July 26, 1999, ordered that the time limit of General Statutes § 51-195 be waived and that the petitioner be afforded thirty days from the time of receipt of this decision to apply for sentence review of the underlying conviction.
All other claims were dismissed and this court subsequently granted the CT Page 12504 petitioner's application for certification to take an appeal of this court's decision dismissing said claims.
The petitioner's appeal was assigned as No. A.C. 99-19993.
On December 8, 1999, the petitioner's appellate counsel filed a Motion For Leave To Withdraw Appearance pursuant to Practice Book § 43-34, together with a Memorandum of Law in support of said motion.
The Appellate Court referred said motion to the presiding judge of the habeas court.
By Memorandum of Decision filed May 18, 2000, the said presiding judge, (Alander, J.) concluded that an appeal in this matter would be wholly frivolous and referred the matter to the undersigned for a determination of whether certification was improvidently granted in the first instance, Franko v. Bronson, 19 Conn. App. 686, 692.
This court, having reviewed appellate counsel's Motion For Leave To Withdraw Appearance and accompanying Memorandum of Law; the presiding judge's Memorandum of Decision; the pleadings; the transcript of the habeas hearing; this court's Memorandum of Decision; and submissions of the petitioner dated May 23, 2000 and June 9, 2000, now concludes that certification to appeal was improvidently granted in the first instance in that no non-frivolous appealable issue exists in this matter.
By the Court
Downey, Judge Trial Referee