CARLOS VAZQUEZ *v.* COMMISSIONER OF CORRECTION
(AC 23671)

Lavery, C. J., and Foti, Schaller, Dranginis, Flynn, DiPentima, McLachlan and Hennessy, Js.

Considered July 28, 2004—officially released March 29, 2005

*Lisa J. Steele*, special public defender, in support of the motions.

LAVERY, C. J. The petitioner, Carlos Vazquez, appealed from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. The petitioner filed several motions[1] with this court, the resolution of which has led us to revisit our decision in *Franko* v. *Bronson*, 19 Conn. App. 686, 563 A.2d 1036 (1989), in which we addressed the procedures that appointed counsel and courts should follow regarding the filing and disposition of motions to withdraw and *Anders* briefs[2] in appeals from habeas corpus judgments. In light of our Supreme Court's decisions in *Simms* v. *Warden*, 229 Conn. 178, 188, 640 A.2d 601 (1994), and *Simms* v. *Warden*, 230 Conn. 608, 646 A.2d 126 (1994), some of the procedures that we established in *Franko* are no longer viable, and, therefore, we take this opportunity to clarify the appropriate procedures for the Superior Court to follow when considering an *Anders* brief in a habeas appeal.

This opinion relates to the order of this court dated July 28, 2004, granting the petitioner's motion for review of the trial court's order vacating its prior order granting certification to appeal and for review of that court's failure to act on counsel's motion to withdraw her appearance. This court vacated that order and further directed the habeas court to consider counsel's motion to withdraw her appearance.[3]

[1] On April 19, 2004, the petitioner filed a motion for review, a motion to compel and a motion to conform the pleadings. The respondent, the commissioner of correction, did not file any opposition to these motions.

[2] See *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) (establishing constitutionally required procedures to be followed by counsel and courts in cases in which counsel believes that appeal is frivolous).

[3] This panel originally considered these motions on July 28, 2004. This court rendered its decision on that date in the form of an order granting the motion for review and granting the relief sought therein in that the habeas court's decision of April 7, 2004, vacating certification was itself vacated, and the habeas court was directed to act on the pending motion for leave to withdraw appearance filed by counsel on April 25, 2003. If

The following facts and procedural history are relevant to this opinion. The petitioner filed several habeas petitions in 1996, in which he alleged ineffective assistance of trial counsel on the basis of his acceptance of plea bargains on several separate files. The court, *Bishop, J.*, consolidated the separate petitions into one action in 1997. The second revised amended petition contained four counts. Count one alleged ineffective assistance of counsel in docket numbers CR6-246608 and CR6-023334, in which the petitioner had been sentenced in 1985 to three years imprisonment, suspended after eighteen months. The second count alleged ineffective assistance of counsel in docket numbers CR6-0321171 and CR6-323822 from 1990, in which he had received a concurrent effective sentence of ninety days imprisonment. Count three concerned docket number CR6-0324512 and a sentence of four years imprisonment beginning in 1990, and count four concerned a 1993 nolle prosequi on docket number CR6-0362817.

The petitioner argued that trial counsel was ineffective in representing him in those actions and, as a result, he is now serving an enhanced federal sentence. The petitioner was convicted of the federal crimes of possession of a firearm in and affecting interstate commerce and possession of an unregistered firearm. He claims that his classification as an armed career criminal on the federal conviction resulted in an enhanced federal sentence of twenty-four years and three months. The

the habeas court determined that there were no nonfrivolous issues to be presented, the habeas court was directed to grant counsel's motion for leave to withdraw appearance. If the habeas court determined that there were nonfrivolous issues to be presented on appeal, then the habeas court was directed either to grant the motion for leave to withdraw appearance and to appoint new appellate counsel or to deny the motion for leave to withdraw appearance and to order counsel to proceed with the appeal. This court's order indicated that a written opinion would be published in the Connecticut Law Journal at a future date. This opinion is the one referred to in our July 28, 2004 order.

petitioner's federal convictions were affirmed. See *United States* v. *Vasquez*, 82 F.3d 574 (2d Cir. 1996).[4]

The respondent, the commissioner of correction, filed a return to the second revised, amended petition indicating that the petitioner already had served the sentences at issue and that, as to the fourth count, the charges had been nolled. On April 1, 2002, the respondent filed a motion to dismiss the consolidated habeas petition for lack of subject matter jurisdiction because the sentences underlying the consolidated petition were completed prior to the filing of the original petitions.

The habeas court, *Fuger, J.*, granted the respondent's motion to dismiss, finding that the petitioner was not in state custody on October 26, 1996, when the petitions were filed. Notice of the dismissal issued on October 8, 2002. The petitioner filed a petition for certification to appeal and an application for a waiver of fees. The habeas court granted the petition and application on October 29, 2002, and the petitioner appealed on November 21, 2002. The issues raised in the petitioner's preliminary statement of issues were whether the court improperly dismissed the petition for failure to allege jurisdiction and whether the court improperly dismissed the petition without a hearing or the petitioner's presence. He initially was represented by a public defender.

On March 28, 2003, attorney Lisa J. Steele was appointed as a special public defender for the petitioner. On April 25, 2003, Steele filed a motion for leave to withdraw appearance of counsel on the basis of *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), and *State* v. *Pascucci*, 161 Conn. 382, 288 A.2d 408 (1971). Steele requested permission to withdraw, arguing that there were no nonfrivolous

---

[4] We note that the United States Court of Appeals for the Second Circuit did not discuss the alleged sentence enhancement in its decision.

issues to raise in the habeas appeal. On April 29, 2003, the appellate clerk's office sent the motion for leave to withdraw appearance to the habeas court for action by the presiding judge, along with a letter referring to *Franko* v. *Bronson,* supra, 19 Conn. App. 686.[5]

On April 7, 2004, the habeas court, *Fuger, J.,* issued an order. The court stated in its order that, in accordance with *Franko* v. *Bronson,* supra, 19 Conn. App. 692–93, Steele's motion for leave to withdraw appearance was referred by the presiding judge to the court for a determination of whether it improvidently had granted the petition for certification. The court further stated that, having reviewed the matter, it now found that the petition for certification was granted improvidently and vacated the order granting the petition for certification. The court did not act on Steele's motion for leave to withdraw appearance.

Thereafter, Steele filed three motions: A motion for review, a motion to compel and a motion to conform the pleadings. Basically, counsel requests that the habeas court act on the merits of her motion for leave to withdraw appearance and that the court's decision vacating the granting of certification be vacated. Alternatively, she requests permission from this court to amend the pleadings in this appeal to conform to the subsequent denial of the certification to appeal.

We first consider the motion for review of the habeas court's decision, issued in response to counsel's motion for leave to withdraw appearance, vacating its order

---

[5] In light of this decision, the form letter used for transmittal of motions for leave to withdraw appearance in *Anders* situations no longer refers to the *Franko* case. The reference to *Franko* was originally included in the letter to alert the trial court to the fact that it was required to act on such motions. We note that the current revision of Practice Book § 62-9 (d), unlike the revision in effect at the time *Franko* was decided, clearly provides that the motion, brief and transcript in an *Anders* situation "shall be referred to the trial court *for decision*. . . ." (Emphasis added.)

granting certification to appeal. Pursuant to Practice Book § 62-9 (d),[6] a motion for leave to withdraw appearance of appointed appellate counsel pursuant to Practice Book § 43-34[7] shall be filed with a brief pursuant to Practice Book § 43-35,[8] and the motion, brief and transcript, if any, shall be referred to the trial court for decision. A motion for leave to withdraw appearance under Practice Book § 43-34 concerns appointed counsel's determination that an appeal would be wholly frivolous. In this case, appointed counsel for the petitioner filed a motion for leave to withdraw appearance pursuant to Practice Book § 43-34 and that motion was sent to the habeas court for disposition. The habeas court did not act on the motion, but instead vacated its order granting certification for the petitioner to appeal.

It appears that the habeas court was following our decision in *Franko* v. *Bronson*, supra, 19 Conn. App. 686, in which we considered whether the *Anders* brief procedure applied to appeals from habeas corpus judg-

[6] Practice Book § 62-9 (d) provides: "A motion for leave to withdraw appearance of appointed appellate counsel pursuant to Section 43-34 shall be filed with the appellate clerk. The form of the motion shall comply with Sections 66-2 and 66-3, except that only an original and one copy shall be filed. The brief accompanying the motion, as required under Section 43-35, shall comply with Section 43-35 in form and substance. The original of the brief and the transcript of the pertinent proceedings shall be filed with the appellate clerk with the motion to withdraw. The motion, brief and transcript shall be referred to the trial court for decision. That decision may be reviewed pursuant to Section 66-6."

[7] Practice Book § 43-34 provides: "When the defendant is represented at trial by the public defender or has counsel appointed to prosecute the appeal under the provisions of Section 43-33 and such public defender or counsel, after a conscientious examination of the case, finds that such an appeal would be wholly frivolous, he or she shall advise the presiding judge and request permission to withdraw from the case."

[8] Practice Book § 43-35 provides: "At the time such request is made, counsel shall submit to the presiding judge a brief which refers to anything in the record that might arguably support the appeal. A copy of such brief shall be provided to the defendant, and the defendant shall be further allowed a reasonable time to raise, in writing, additional points in support of the appeal."

ments. We held in *Franko* that the habeas court is in the best position to make an *Anders* determination, and we set out a procedure whereby the motion for leave to withdraw appearance is sent to the presiding judge in the habeas court for a determination of whether there is a nonfrivolous issue. Id., 692. Pursuant to that procedure, if the presiding judge determines that there is a nonfrivolous issue, the court may allow counsel to withdraw and appoint new counsel or it may order counsel of record to proceed. Id. If the presiding judge finds, however, that there is no nonfrivolous issue presented on appeal, then the matter is to be referred to the judge who granted the petition for certification to appeal for reconsideration of whether certification should have been granted. Id. If that judge, on reconsideration, determines that certification was granted improvidently, then the court should vacate the prior order of certification and notify the clerk of this court. Id., 692–93. Upon such notification, this court would then dismiss the appeal for lack of subject matter jurisdiction. Id., 693.

Subsequent to our decision in *Franko*, however, our Supreme Court determined that the certification requirement of General Statutes § 52-470 does not implicate our subject matter jurisdiction, but, rather, is a threshold determination on appeal. In other words, if certification to appeal is denied, then the first issue for the appellate tribunal is whether the habeas court abused its discretion in denying certification. See *Simms* v. *Warden*, supra, 230 Conn. 613–15; *Simms* v. *Warden*, supra, 229 Conn. 186–88. In light of the *Simms* decisions, this court's procedure established in *Franko* is no longer viable because a denial of certification does not mandate a dismissal of the appeal for lack of subject matter jurisdiction, but requires only that the first issue on appeal be whether the denial of certification was an abuse of discretion.

In the present case, the habeas court's decision vacating its order granting certification to appeal resulted in a situation in which the motion for leave to withdraw appearance filed by counsel for the petitioner was not acted on. Counsel was left with an obligation to represent the petitioner with the added burden of briefing the threshold issue that the trial court had abused its discretion in denying certification to appeal when counsel already had determined that there were no nonfrivolous issues to raise on appeal.

Accordingly, to the extent that the procedure set forth in *Franko* is inconsistent with the Supreme Court's decisions in *Simms*, it is no longer good law. In the future, if appointed counsel in a habeas appeal believes that there are no nonfrivolous issues and seeks to withdraw by filing an *Anders* brief, the motion, brief and transcript, if any, of the pertinent proceedings shall be filed with the appellate clerk and shall be referred to the habeas court for decision pursuant to Practice Book § 62-9. The habeas court shall examine fully the briefs of counsel and shall review the transcript if any is filed. If, after such examination, the court concludes that the appeal is wholly frivolous, the court may grant counsel's motion for leave to withdraw appearance and refuse to appoint new counsel. Before refusing to appoint new counsel, the court shall make a finding that the appeal is wholly frivolous and shall file a memorandum setting forth the basis for this finding pursuant to Practice Book § 43-36. If after a full examination the court concludes, pursuant to Practice Book § 43-37, that the appeal is not wholly frivolous, it may allow counsel to withdraw and appoint new counsel to represent the petitioner, or it may deny the motion for leave to withdraw appearance and order counsel of record to proceed with the appeal.[9]

In this opinion the other judges concurred.

---

[9] After our order of July 28, 2004, the habeas court subsequently determined that the jurisdictional issue presented in the present petition is not

frivolous, denied counsel's motion for leave to withdraw appearance and ordered counsel to proceed with the appeal.