******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SHELDON REYNOLDS *v.* COMMISSIONER
OF CORRECTION
(AC 44214)

Bright, C. J., and Seeley and Bishop, Js.

*Syllabus*

The petitioner, who had been convicted of murder and carrying a pistol or revolver without a permit, appealed following the habeas court's denial of his petition for certification to appeal from the court's judgment denying his petition for a writ of habeas corpus. The petitioner's sole claim on appeal was that the court improperly granted his appellate counsel's motion to withdraw her appearance. *Held*:

The habeas court's ruling on appellate counsel's motion to withdraw her appearance was not a proper subject for an appeal from the denial of a habeas corpus petition, and, as the petitioner did not raise or adequately brief any claim that directly challenged the trial court's judgment of conviction, any possible claims he may have had were abandoned.

Argued October 17—officially released November 19, 2024

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Chaplin, J.*; judgment denying the petition; thereafter, the court denied the petition for certification to appeal, and the petitioner appealed to this court; subsequently, the court, *Newson, J.*, granted the motion to withdraw appearance filed by the petitioner's appointed appellate counsel. *Appeal dismissed*.

*Sheldon Reynolds*, self-represented, the appellant (petitioner).

*Ronald G. Weller*, senior assistant state's attorney, with whom, on the brief, were *Joseph T. Corradino*, state's attorney, *Emily Trudeau*, assistant state's attorney, and *Alexander O. Kosakowski* and *Connor R. Reed*, certified legal interns, for the appellee (state).

*Opinion*

PER CURIAM. In this habeas corpus matter, the record reveals that the petitioner, Sheldon Reynolds, was found guilty of two counts of murder in violation of General Statutes § 53a-54a (a), and one count of carrying a pistol or revolver without a permit in violation of General Statutes § 29-35. The petitioner's conviction was affirmed on appeal. See *State* v. *Reynolds*, 152 Conn. App. 318, 355, 97 A.3d 999, cert. denied, 314 Conn. 934, 102 A.3d 85 (2014).[1]

Thereafter, the petitioner filed this habeas corpus petition in which he alleged that his trial attorney, Jonathan Demirjian, had provided ineffective assistance. Following a hearing on the habeas petition, in which the petitioner was represented by Attorney Donna Fusco, the court, *Chaplin, J.*, denied the petition and subsequently denied certification to appeal. On August 18, 2020, the petitioner filed an appeal from the court's denial of his habeas corpus petition and the denial of his petition for certification to appeal, for which Attorney Julia K. Conlin was assigned to represent the petitioner on appeal to this court. Subsequently, however, Conlin filed a motion to withdraw as counsel along with a brief pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). See, e.g., *Vazquez* v. *Commissioner of Correction*, 88 Conn. App. 226, 234, 869 A.2d 234 (2005).

On March 30, 2023, the court, *Newson, J.*, granted Conlin's motion to withdraw her appearance. Thereafter, the petitioner filed a motion for review with this

---

[1] In his direct appeal, the petitioner claimed that the trial court abused its discretion in admitting evidence of his prior misconduct and one of the victim's hearsay statements, violated his constitutional right to confront an adverse witness when it admitted into evidence recordings of two separate 911 calls, and improperly failed to suppress his written statement to the police. See *State* v. *Reynolds*, supra, 152 Conn. App. 320–21. This court was not persuaded by any of the petitioner's appellate claims. See id., 321.

court on April 20, 2023. In that motion, filed pursuant to Practice Book § 66-6 (a) (6),[2] the petitioner sought review of the trial court's decision to grant counsel's motion to withdraw. By order dated June 7, 2023, this court granted the petitioner's motion for review but denied the relief sought.

The petitioner, now self-represented, thereafter pursued this habeas appeal. As noted by the respondent, the Commissioner of Correction, the petitioner does not challenge the merits of the habeas court's ruling in his appellate brief, nor does he address the court's denial of his petition for certification to appeal from the denial of his habeas corpus petition. Instead, the petitioner focuses solely on the court's ruling on the motion to withdraw as counsel filed by Conlin, which is not a proper subject for an appeal from the court's denial of a habeas corpus petition. See *State* v. *Mendez*, 185 Conn. App. 477, 478, 197 A.3d 477 (2018) (motion for review is proper vehicle by which to obtain review of order concerning withdrawal of appointed appellate counsel after appeal is filed). In addition, because the petitioner has not raised or adequately briefed any claim that directly challenges the judgment of conviction from which he took this appeal, we deem any possible claims abandoned. Id., 479; see also *Joseph* v. *Commissioner of Correction*, 153 Conn. App. 570, 574, 102 A.3d 714 (2014), cert. denied, 315 Conn. 911, 106 A.3d 304 (2015).

The appeal is dismissed.

---

[2] Practice Book § 66-6 provides in relevant part: "(a) The court may, on written motion for review stating the grounds for the relief sought, modify or vacate . . . (6) any order concerning the withdrawal of appointed appellate counsel pursuant to Section 62-9 (d). . . ."